FILED 23 SEP '24 10:15 USDC-ORP

Joe Dee Stang
Fed. No. 08958-023
FCI Sheridan
P.O. Box 5000
Sheridan, Oregon 92378


UNITED STATES DISTRICT COURT
District of Oregon

| Joe Dee Stang | Case No. 3:24-cv-1606 mk |
|---|---|
| Petitioner, | EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |
| V. | |
| Israel Jacquez, Warden FCI Sheriden | |
| Respondent. | |


Comes Now, Joe Dee Stang, hereafter Petitioner, seeking issuance for an emergency Writ of Habeas Corpus, pursuant to violation of the Eigth Amendment to the United States Constitution under cruel and unusual punishments inflicted. Petitioner is incarcerated at the

p. 1 of 9

Federal Correctional Institution at Sheridan, Oregon, within the jurisdiction of this district court.

Petitioner is challenging conditions of confinement here at FCI Sheridan, as life threating, due to the malicious and vindictive abuse of authority by the administration, resulting in a life threating living environment for myself an all othere inmates incarcerated here, pursuant to gross malfeasance.

Petitioner has a limited education and none in matters of law. Petitioner ask that when the Court is reading this emergency § 2241 habeas petition, that the Court liberally construe the content and language with regard to Haines v. Kerner, 404 U.S. 519-520-21, 92 S. Ct. 594, 30 L. Ed 2d (1972).

Petitioner declares under the penalty of perjury, the allegation's stated in this emergency § 2241 habeas petition are true and correct to the best of my understanding and knowledge.

Requesting Appointment Of Counsel

Petitioner is incarcerated at FCI Sheridan

p. 2 of 9

and has no money to hire counsel for representation in this § 2241 habeas petition. Because of the constitutional magnitude of the violation of Petitioner's rights and the life threating seriousness of the allegations, only appointed counsel can obtain support documentation and provide protection against 'retaliation' from the administration and or federal Bureau of Prisons (BOP), for the filing of this § 2241 habeas petition.

    Petitioner ask that counsel be appointed for a fair and impartial hearing.

## Administrative Remedy

    The administrative remedy process that is normally required in the filing of a 28 U.S.C. § 2241 habeas petition is futile in this case of administrative malfeasance at FCI Sheridan.

    Petitioner's, Eighth Amendment claim of cruel and unusual punishment and or treatment, would be pointless to file an administrative remedy to the respondent in this § 2241 habeas petition. Aside from the 'fact', the administrative remedy process here at FCI Sheridan, is grossly abused by

by the administrative personnel, by not responding to the complaint, an administrative tactical maneuver to hold up and or stop the process for access to the district court.

Because of the severity of Petitioner's claims against the Warden and his administrative personnel, retribution against Petitioner, which is common practice here at FCI Sheridan, before I can establish a form of protection either from the Court or Counsel, against retaliation, would be detrimental to me to file administrative remedy process.

Ground One:

Petitioner's, Eighth Amendment constitutional right, to not be subjected to cruel and unusual punishment and or treatment while incarcerated, is being violated, promoted, and condoned by Israel Jacquez, 'Warden', FCI Sheridan, Nunez, 'Assistant Warden', and Cerone, 'Captain', FCI Sheridan, putting my life in serious jeopardy and the execution of my sentence.

p. 4 of 9

Prison officials have a duty under the Eighth Amendment to ensure and must protect prisoner's from violence at the hands of other inmates, not to order, promote or encourage violence among inmates, which is now protocol at FCI Sheridan, pursuant to a mass punishment practice. A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

   *Farmer v. Brennan*, 511 U.S. 825, 128 L.Ed. 2d 811, 114 S. Ct. 1970 (1994) "Prison authorities must protect inmate against current threats from fellow prisoners, but also must guard against sufficiently imminent dangers that are likely to cause harm in the next week, month, or year" 114 S. Ct. 1970 (1994)

Petitioner has to establish both an objective and subjective components to establish violation of the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. The objective component is the 'nature' of the acts or practices as would be deemed cruel and unusual. The subjective component of unconstitutional punishment and or treatment is the 'intent' with which the acts or practices constituting the alleged punishment

and or treatment are inflicted. The minimum intent required is 'actual' knowledge of impending harm easily preventable.

The scope of the Eighth Amendment protection is broader than mere infliction of physical pain. Petitioner's urges by being forced to commit bad acts and evidence of fear, mental anguish, and intentional misery inflicted, are also conditions for protection while incarcerated under the Eighth Amendment.

## Objective and Subjective Components

A. Under the administrative authority of Warden, Israel Jacquez, Respondent; Assistant Warden of Custody, Mr. Nunez, and Captain of Custody Mr. Cerone, are abuseing their authority towards inmates by advocating, encouraging by use of threat and intimidation, intentionally provoking violence on inmates, by other inmates.

The above administrative personnel, here at FCI Sheridan, have initated a practice that is against and or contrary to Bureau of Prisons 'BOP' policy and in violation of the Eighth Amendment of the United States Constitution, cruel and unusual

punishment clause.

1. 'Nature' of the acts or practices that would be deemed cruel and unusual.

Over the last year the respondent Warden Jacquez, and his administrative personnel Assistant Warden, Nunez, and Captain, Cerone, have been executing a "mass punishment" directive. This draconian directive is contrary to Bureau of Prisons policy statement's, by promoting violence and the threat of violence among the inmate population here at FCI Sheridan.

2. 'Intent' is with which the acts or practices constituting the alleged punishment and or treatment are inflicted.

a. The Respondent and his administrative personnel, knowingly took Petitioner's privileges and the privileges of the whole inmate population for the infaction of the rules of a few inmates, by appling 'mass punishment' to Petitioner and over 900 innocent inmates. Petitioner's privileges where taken without

the constitutional benefit of due process of law. Petitioner did not break any institutional rules nor was there an infaction report wrote for a rule violation. Privileges are taken by sanctions after either you plead guilty or are found guilty by DHO or Unit Team. However, in this case Petitioner did not violate any of BOP's rules and no infaction report was submitted.

The respondant and his administrative personnel arbitrary, malicious and vindictive enforcement of 'mass punishment', against Petitioner and 900+ innocent inmates and took or restricted privileges from all, without due process, supports abuse of authority by administrative malfeasance.

The arbitrary and capricious application of mass punishment and taking of privileges without due process, not only promotes violence among inmates, but is life threating when the inmates have to control other inmates so privileges are not taken from the whole inmate population.

Since the implementation of the respondant's mass punishment practice and the loss of privileges treatment there have been documented assaults on inmates who want to check into protective custody. By Order of Captain Cerone,

if an inmate wants to check into protective custody and has not been assaulted (beat-up) either the whole population looses privileges, or the whole unit were the inmate is checking from is locked down and looses privileges. Either was it mass punishment treatment.

It does appear that the administrative directive to assault inmates who want to check into protective custody, by other inmates, to avoid mass punishment and loss of privileges, would make the respondant a co-conspirator to the assault or death of the inmate who wants protective custody.

## Request For Relief

Petitioner ask that mass punishment be stopped here at FCI Sheridan, that privileges be not taken without due process and Petitioner be safe from retaliation from BOP, Respondent, and administrative personnel here at FCI Sheridan.

Dated this 18 day of September, 2024

Respectfully submitted,

Joe the Slang

p. 9 of 9